UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST GREY JACKSON,

       Petitioner,

                                                   CASE NO. 2:11-CV-14705
v.                                         JUDGE ROBERT H. CLELAND
                                                   MAGISTRATE JUDGE PAUL J. KOMIVES

WILLIE SMITH,

       Respondent.
                                      /

## REPORT AND RECOMMENDATION

I.     RECOMMENDATION: The Court should conclude that petitioner's application is barred by the one year statute of limitations, 28 U.S.C. § 2244(d).  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Background*

      Petitioner Ernest Grey Jackson is a state prisoner, currently serving a sentence of 9-20 years' imprisonment imposed following his 2005 state court (Wayne County Circuit Court) convictions for possession with intent to distribute over 1,000 grams of cocaine and possession of a firearm during the commission of a felony.  Petitioner's convictions resulted from a guilty plea pursuant to a plea agreement with the prosecutor.  On October 25, 2011, after pursuing his claims in state court, petitioner, through counsel, filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner contends that his plea is invalid because his counsel was laboring under a conflict of interest, and that he was denied due process by the trial court's refusal to allow him to withdraw his plea prior to sentencing.  Respondent filed his answer on May 2, 2012, contending that

petitioner's claims are barred by the statute of limitations, and are without merit. Petitioner filed a reply on June 12, 2012.

On May 14, 2013, I entered a Report recommending that the Court deny the petition on the merits. Before addressing the merits, I analyzed respondent's argument that the petition was untimely. In conducting that analysis, I explained that "[a]lthough there is good reason to believe that petitioner's claims are time-barred," R&R, at 11, two difficult issues of first impression made this conclusion far from certain. I therefore recommended that the Court bypass this difficult procedural question and proceed to the merits of petitioner's claim. With respect to the merits, I recommended that the Court deny relief and deny petitioner a certificate of appealability. On July 24, 2013, the Court entered an Order re-committing the petition to me. Explaining that my Report "appears . . . to accomplish most of the analysis needed to reach a conclusion–that the limitation bars the petition," and that "both Petitioner and Respondent, in their papers addressing the report, persist in seeking a ruling on the force of the limitation," Order, dated 7/24/13, at 1, the Court re-committed the matter to me for issuance of "a supplemental report addressing as a matter of recommendation whether AEDPA's one-year limitation bars the petition." *Id*. at 2. For the reasons that follow, the Court should conclude that petitioner's application is untimely.

B.    *Analysis*

My prior Report analyzed the limitations issue thusly:

> . . . . Here, petitioner's application for leave to appeal on direct appeal was denied by the Michigan Supreme Court on July 19, 2006. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on October 17, 2006. Thus, the one year limitation period began running on October 18, 2006, *see* FED. R. CIV. P. 6(a)(1)(A), and expired one year later on October 18, 2007. Because petitioner did not file his petition until October 25, 2011, it is untimely unless the limitations period was tolled for any reason.
> Under § 2244(d)(2), the limitations period is tolled for "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" It is with respect to the application of this provision that the parties diverge. Petitioner contends that the limitations clock was tolled during the pendency of his motion to withdraw his plea and the related appeals. Because this motion was filed while his direct appeal was still pending, petitioner argues, the clock did not begin to run until his application for leave to appeal in that proceeding was denied by the Michigan Supreme Court on September 14, 2007. The limitations clock then ran for 34 days, stopping again when he filed his motion for relief from judgment. The clock began to run again on April 25, 2011, when the Michigan Supreme Court denied his application for leave to appeal, and ran for 183 days before he filed his application in this Court on October 25, 2011. Thus, under petitioner's calculation only 217 days of the limitation period elapsed, rendering his application timely.

On the other hand, if the motion to withdraw his plea and related appeals had no tolling effect, it is clear that petitioner's application is untimely. Under that scenario, the limitations period expired about six months prior to the filing of his motion for relief from judgment. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, if the pendency of the applications for leave to appeal in connection with the motion to withdraw his plea did not toll the limitations clock,[1] defendant's motion for relief from judgment had no tolling effect his application is untimely.

> [1]It is not clear whether the motion to withdraw the plea itself would have tolled the limitations clock. Although not entirely clear, it appears that because the application for leave to appeal in the Michigan Supreme Court in connection with petitioner's direct appeal was ultimately denied, the trial court in fact had jurisdiction to rule on the motion to withdraw the plea notwithstanding the fact that the application for leave to appeal was pending at the time the motion to withdraw was filed. *See Thomas v. La-Van Hawkins*, No. 271031, 2008 WL 53120, at *2 (Mich. Ct. App. Jan. 3, 2008), *rev'd on other grounds*, 482 Mich. 884, 752 N.W.2d 478 (2008). The Court need not resolve this issue, however, because the motion to withdraw was denied by the trial court before the Michigan Supreme Court denied leave to appeal in connection with petitioner's direct appeal, and thus before the limitations period commenced. The only question here is whether, once the limitations period began to run by the conclusion of direct review on October 18, 2006, the pendency of petitioner's applications for leave to appeal in connection with the motion to withdraw the plea tolled the limitations period under § 2244(d)(2).

3

The resolution of this issue is difficult and unclear. Under § 2244(d)(2), "an application is ' properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Under this rule, an application is "properly filed" even if the claims are procedurally barred or state law otherwise mandates that relief be denied. *See id*. However, "an application [that] is erroneously accepted by the clerk of a court lacking jurisdiction . . . will be pending, but not *properly filed*." *Id*. at 9. Likewise, a petition or motion that is untimely under state law is not "properly filed." *See Pace v. Diguglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz*, 531 U.S. at 8). In short, "a petition [or motion] that cannot even be initiated or considered . . . is not properly filed." *Pace*, 544 U.S. at 417.

It is clear under this rule that the limitations period was *not* tolled during the pendency of petitioner's application for leave to appeal in the Michigan Court of Appeals. The court of appeals dismissed petitioner's application for leave to appeal on two grounds. First, the court concluded that it lacked jurisdiction over the appeal under MICH. CT. R. 7.205(F)(2) because it was a second appeal from the judgment of sentence. Second, the court concluded that the application was untimely under MICH. CT. R. 7.205(F)(3) and (4) because it was not filed either within 12 months of the judgment of sentence nor within 21 days of the order denying the motion to withdraw the plea. *See People v. Jackson*, No. 274819 (Mich. Ct. App. Dec. 14, 2006). These determinations of state law regarding the jurisdiction of the court of appeals and the timeliness of the application for leave to appeal are binding on this Court in applying § 2244(d)(2). *See Ross v. McKee*, 465 Fed. Appx. 469, 473 (6th Cir. 2012); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Merritt v. Blaine*, 326 F.3d 157, 166-68 (3d Cir. 2003). As explained above, because the court of appeals lacked jurisdiction, the application was not "properly filed" under § 2244(d)(2). *See Artuz*, 531 U.S. at 9. Further, because the application for leave to appeal was "untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Thus, the limitations clock was not tolled during the pendency of petitioner's application for leave to appeal in the Michigan Court of Appeals.

The more difficult question is whether petitioner's application for leave to appeal in the Michigan Supreme Court tolled the limitations clock. And this question matters here. If the application for leave to appeal in the Michigan Supreme Court did not toll the limitations clock, then the limitations period commenced on October 18, 2006, and expired on October 18, 2007, the same date that petitioner filed his motion for relief from judgment. Thus, the 183-day period from the conclusion of the appellate proceedings on the motion for relief from judgment on April 25, 2011, until petitioner filed his habeas application on October 25, 2011, is all outside the limitations period. On the other hand, if the application for leave to appeal did toll the limitations period, then the period ran for the following periods: (1) 115 days from the conclusion of direct review on October 18, 2006, until the filing of the application for leave to appeal in the Michigan Supreme Court on February 9, 2007; (2) 34 days from the Michigan Supreme Court's order denying

leave to appeal on September 14, 2007, until the filing of petitioner's motion for relief from judgment on October 18, 2007; and (3) 183 days from the Michigan Supreme Court's denial of leave to appeal on the motion for relief from judgment on April 25, 2011, until the filing of petitioner's habeas application on October 25, 2011. Thus, if the application for leave to appeal in the Michigan Supreme Court in connection with the plea withdrawal motion tolls the limitations period, only 332 days of the 365-day limitation period elapsed, and the petition is timely.

There are two reasons to doubt that the application for leave to appeal in the Michigan Supreme Court tolled the limitations period. First, if the Michigan Court of Appeals lacked jurisdiction to consider petitioner's appeal because it was an attempt at a second direct appeal, it is difficult to see how the Michigan Supreme Court would have had jurisdiction to consider the appeal. It is not clear, however, that this Court can reach this conclusion. In *Artuz* and *Pace*, *supra*, the state courts made it clear that they were denying the petitioners' attempts at post-conviction review on timeliness grounds. As explained above, the court of appeals in petitioner's case clearly did so, and thus *Artuz* and *Pace* are applicable. The Michigan Supreme Court, however, did not explicitly base its denial of leave to appeal on either jurisdictional or timeliness grounds; rather, the court merely concluded that it was "not persuaded that the questions presented should be reviewed by this Court." *Jackson*, 480 Mich. at 873, 737 N.W.2d at 774. In the procedural default context, it is well established that later unexplained state court denials of a petitioner's claim are presumed to rest on the same procedural default ground as the last "reasoned" decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). I have been unable to locate, however, any case either applying or declining to apply this presumption in the statute of limitations context under *Artuz* and *Pace*.

Second, it is at least questionable whether the motion to withdraw the plea, and therefore the related appellate proceedings, constitute in the first instance "applications for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2). Under Michigan law, a motion to withdraw the plea is generally part and parcel of the direct review proceedings. *See* MICH. CT. R. 6.110(E)(8) (plea may not be challenged on appeal unless motion to withdraw is filed in the trial court, and such motion must be filed within the time for seeking an appeal); *cf. People v. Ward*, 459 Mich. 602, 610-11, 594 N.W.2d 47, 51 (1999) (explaining that a request to withdraw a plea is generally a direct, rather than collateral, challenge, but that a long-delayed "direct attack"–one made outside the time for filing an appeal–may be viewed as a collateral). Further, it is well recognized that "[t]he Motion for Relief from Judgment is a Michigan prisoner's exclusive means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, or has unsuccessfully sought leave to appeal, or who was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment." *Daniel v. Davis*, No. 2:07-cv-119, 2008 WL 408470, at *4 (W.D. Mich. Feb. 13, 2008) (citing MICH. CT. R. 7.205(F)(3); MICH. CT. R. 6.501, staff comment); *see also*, *People v. Reed*, 198 Mich. App. 639, 642 n.1, 499 N.W.2d 441, 443 n.1 (1993) ("Subchapter 6.500 of the

> Michigan Court Rules establishes the procedures for pursuing postappeal relief from criminal convictions. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process."), *aff'd*, 449 Mich. 375, 535 N.W.2d 496 (1995). Thus, because a motion to withdraw a plea is generally part of the direct appeal process and because the only post-conviction means for challenging a conviction is a motion for relief from judgment, it appears that petitioner's motion to withdraw the plea was not an application for state post-conviction review that would toll the limitations period under § 2244(d)(2). Again, however, I have been unable to find a single case discussing this issue.
>
> Although there is good reason to believe that petitioner's claims are time-barred, for the reasons explained above that conclusion is far from certain. While as a general rule the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426, 429 n. 2 (6th Cir. 2006) (quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)). Because the limitations issue in this case is difficult, and as explained below petitioner's claims are without merit, the Court should simply deny the petition on the merits. *See Ahart v. Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

R&R, at 6-11. As that analysis makes clear, the limitations issue comes down to whether the time during which petitioner's appeal with respect to the motion to withdraw the plea was pending in the Michigan Supreme Court tolled the limitations period under § 2244(d)(2). For both of the reasons suggested in my prior Report, I now recommend that the Court conclude the Michigan Supreme Court proceedings had no tolling effect, and that petitioner's application is therefore barred by the statute of limitations.

First, petitioner's state court motion to withdraw the plea, and therefore the related appellate proceedings, do not in the first instance constitute "applications for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2). As explained in my prior Report, under Michigan law, a motion to withdraw the plea is generally part and parcel

of the direct review proceedings. *See* MICH. CT. R. 6.110(E)(8) (plea may not be challenged on appeal unless motion to withdraw is filed in the trial court, and such motion must be filed within the time for seeking an appeal); *cf. People v. Ward*, 459 Mich. 602, 610-11, 594 N.W.2d 47, 51 (1999) (explaining that a request to withdraw a plea is generally a direct, rather than collateral, challenge, but that a long-delayed "direct attack"–one made outside the time for filing an appeal–may be viewed as a collateral). Further, it is well recognized that "[t]he Motion for Relief from Judgment is a Michigan prisoner's exclusive means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, or has unsuccessfully sought leave to appeal, or who was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment." *Daniel v. Davis*, No. 2:07-cv-119, 2008 WL 408470, at *4 (W.D. Mich. Feb. 13, 2008) (citing MICH. CT. R. 7.205(F)(3); MICH. CT. R. 6.501, staff comment); *see also*, *People v. Reed*, 198 Mich. App. 639, 642 n.1, 499 N.W.2d 441, 443 n.1 (1993) ("Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from criminal convictions. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process."), *aff'd*, 449 Mich. 375, 535 N.W.2d 496 (1995). Thus, because a motion to withdraw a plea is generally part of the direct appeal process and because the only post-conviction means for challenging a conviction is a motion for relief from judgment, it appears that petitioner's motion to withdraw the plea was not an application for state post-conviction review that would toll the limitations period under § 2244(d)(2). Although I have been unable to find a single case discussing this issue, the conclusion logically flows from the Michigan Court Rules and cases discussing those rules cited above.

    Second, as explained in my prior Report, the Michigan Court of Appeals expressly concluded

that it lacked jurisdiction over petitioner's appeal of the denial of his motion to withdraw the plea because it was an attempt at a second direct appeal barred by MICH. CT. R. 7.205(F)(2). Under *Artuz* and *Pace*, this is sufficient to conclude that the appeal was not a "properly filed" application for postconviction review tolling the limitations period under § 2244(d)(2). As I further noted in my prior Report, although the Michigan Supreme Court did not expressly deny leave to appeal on jurisdictional grounds, under *Ylst* it is generally presumed that the Michigan Supreme Court's unexplained order is based on the same grounds as the Michigan Court of Appeals's order. And although I found no cases explicitly applying the *Ylst* presumption, which arose in the exhaustion and procedural default contexts, to the statute of limitations, there is no reason to conclude that the presumption is not equally applicable in the statute of limitations context. In numerous cases, courts applying § 2244(d) have looked to principles developed in the procedural default context to guide their interpretation of § 2244(d). *See, e.g.*, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-34 (2013) (effectively equating failure to comply with the limitations period to a procedural default, and holding that the actual innocence exception developed in the procedural default context also applies in the limitations context); *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (deciding whether limitations issue may be raised *sua sponte* by looking to the "analogous context of procedural default."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (adopting interpretation of § 2244(d) based in part procedural default principles, "find[ing] the close analogy between procedural default principles and § 2244(d)(2) compelling."); *Thompson v. Hanks*, No. 2:05CV254, 2006 WL 623633, at *2 (S.D. Ind. Mar. 9, 2006); *Rouse v. Iowa*, 110 F. Supp. 2d 1117, 1139 (N.D. Iowa 2000).

Further, the Supreme Court has held that the mere fact that a state court does not explicitly

reject a postconviction motion on timeliness (or similar) grounds does not preclude a finding that the state court motion was not "properly filed" under § 2244(d)(2). *See Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002). And further still, consideration of this issue has led me to uncover two cases in which courts did apply the *Ylst* presumption in the statute of limitations context. *See Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009), *abrogated in part on other grounds by Walker v. Martin*, 131 S. Ct. 1120 (2011); *Cortes v. Diaz*, No. CV 12-1209-PA, 2012 WL 3709011, at *5 n.5 (July 13, 2012) (citing *Townsend*), *magistrate judge's report adopted*, 2012 WL 3731498 (C.D. Cal. Aug. 24, 2012).

For the foregoing reasons, the Court should conclude that petitioner's application for leave to appeal to the Michigan Supreme Court in connection with his motion to withdraw the plea did not toll the limitations period under § 2244(d)(2). It follows from this conclusion that petitioner's application is untimely. Accordingly, the Court should deny petitioner's application on the ground that it is barred by the statute of limitations.

C.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a

certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either

10

grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

        2.    *Analysis*

Where, as I recommend here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). Although the procedural ruling in this case is reasonably debatable, for the reasons explained in my prior Report petitioner cannot make a substantial showing of a denial of his constitutional rights because the resolution of the merits of his claims is not reasonably debatable. Accordingly, for the reasons explained in my prior Report, the Court should deny petitioner a certificate of appealability.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                                                       s/Paul J. Komives  
                                                                       PAUL J. KOMIVES  
                                                                       UNITED STATES MAGISTRATE JUDGE

Dated:  August 2, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document  was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 2, 2013.

                                                                       s/Jane Johnson  
                                                                       Deputy Clerk