UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST GREY JACKSON,

    Petitioner,

v.                             Case No. 11-14705

WILLIE SMITH,

    Respondent.
                                       /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION, AND DENYING CERTIFICATE OF APPEALABILITY**

On August 2, 2013, Magistrate Judge Paul J. Komives issued a Supplemental Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court deny Plaintiff Ernest Jackson's ("Jackson") petition for the writ of habeas corpus and that the court deny Jackson a certificate of appealability. On August 16, 2013, Jackson filed objections to the supplemental R&R. For the reasons discussed below, the court will overrule Jackson's objections and adopt the supplemental R&R in full. The court will also deny Jackson a certificate of appealability.

**I. STANDARD**

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously

reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

In his Supplemental R&R, the Magistrate Judge concluded that Jackson filed his petition outside of the one-year statute of limitations in 28 U.S.C. § 2244(d), and that a certificate of appealability should be denied. Each of Jackson's objections is addressed in turn.

### A. Objections # 1 and # 2

In Jackson's first two objections, he argues that the Magistrate Judge's analysis was objectively unreasonable and clearly erroneous. Specifically, Jackson takes issue

with the Magistrate Judge's conclusion that the Michigan Supreme Court lacked jurisdiction to consider Jackson's appeal from the trial court's denial of his motion to withdraw his plea. Jackson argues that despite the Michigan Court of Appeals's dismissal of his appeal for lack of jurisdiction, the Michigan Supreme Court "accepted the case, reviewed the merits, and upheld the trial court ruling." Jackson further asserts that the Michigan Supreme Court did not deny the matter on jurisdictional grounds, and "recognized . . . the legitimacy of the filing of the motion and application for leave and jurisdiction[.]" (Pg. ID# 883–84.)

The Michigan Supreme Court's opinion contains no such language, instead stating: "On order of the Court, the application for leave to appeal the December 14, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Jackson*, 737 N.W.2d 774, 774 (Mich. 2007). Jackson equates the court's statement that it considered his *application* for leave to appeal with the consideration of the *merits* of his case. However, the court issued no ruling on whether it had jurisdiction to consider Jackson's appeal and refused to consider the merits of his case. Accordingly, the Magistrate Judge was correct in concluding that "unexplained state court denials of a petitioner's claim are presumed to rest on the same procedural default ground as the last 'reasoned' decision." (Pg. ID# 873) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991)). The last decision in Jackson's case was issued by the Michigan Court of Appeals, which concluded that it lacked jurisdiction to hear his appeal. *People v. Jackson*, No. 274819 (Mich. Ct. App. Dec. 14, 2006). As the Magistrate Judge concluded, determinations of state law regarding jurisdiction and the timeliness of an

3

application for leave to appeal are binding on the court under § 2244(d). *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). Jackson's first and second objections are overruled.

### B.  Objection # 3

Jackson argues that the Magistrate Judge's conclusion that a motion for relief from judgment is the exclusive means of collateral review of a conviction under Michigan law is clearly erroneous. Michigan law allows for an application for leave to appeal from a motion for relief from judgment. Relying on this principle, Jackson argues that his application for leave to appeal after the trial court rejected his request to withdraw his guilty plea functioned as an application for post-conviction relief within the meaning of § 2244(d)(2).

This argument does not engage meaningfully with the Magistrate Judge's analysis. The Magistrate Judge's recommendation rests on the conclusion that the only means a prisoner has under Michigan law for challenging his conviction (aside from direct appeal) is through a motion for relief from judgment. *Daniel v. Davis*, No. 2:07-cv-119, 2008 WL 408470, at *4 (W.D. Mich. Feb. 13, 2008). "Because a motion to withdraw a plea is generally part of the direct appeal process," it is not properly characterized as a application for *post-conviction* collateral review. (Pg. ID# 875.) Simply put, Jackson's failed attempt to withdraw his guilty plea was part of his *direct* appeal, and therefore does not fall within the meaning of "post-conviction or other collateral review" under § 2244(d)(2). Jackson's third objection is overruled.

### C.  Objection # 4

Lastly, Jackson objects to the Magistrate Judge's recommendation that a

4

certificate of appealability be denied. Because reasonable jurists could not debate the correctness of the court's procedural ruling, the court overrules Jackson's fourth objection.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Jackson's objections [Dkt. # 14] are OVERRULED, and the Magistrate Judge's Supplemental Report and Recommendation [Dkt. # 12] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

Finally, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED. A separate judgment will issue.

   s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

   s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522